# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| IN RE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS | § § § § § § § Civil Action No. 4:23-mc-96 Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Longhorn IP LLC's and Ox Mobile Technologies LLC's Motion for Reconsideration and to Quash Subpoenas (Dkt. #10). Having considered the Motion, the relevant pleadings, and the applicable law, the Court finds that the Motion should be **DENIED.**

### BACKGROUND

This case comes before the Court in the form of an Application of Xiaomi Technology Germany GmbH and Xiaomi Technology Netherlands B.V. (collectively, "Xiaomi") for an Order Pursuant to 28 U.S.C. § 1782 to Obtain Discovery for Use in Foreign Proceedings (Dkt. #1). Xiaomi filed the Application on March 3, 2023 (Dkt. #1). Through it, Xiaomi seeks the production of three sets of documents for use in an underlying foreign litigation proceeding (the "German Proceeding") pending before the Regional Court of Munich I in the Federal Republic of Germany (the "German Court") (Dkt. #1 at p. 5).

### I.    Factual Background

By way of brief background, the Court will begin by summarizing the underlying German Proceeding. The German Proceeding involves a claim by Ox Mobile Technologies GmbH ("Ox

Mobile Germany") against Xiaomi for its alleged infringement of a wireless communication patent (Dkt. #1 at p. 5). Ox Mobile Germany is a technology licensing company and subsidiary of Ox Mobile Technologies LLC ("OMT") (Dkt. #10 at pp. 5–6). OMT is a limited liability company formed under Texas law (Dkt. #10 at pp. 5–6; Dkt. #1-5; Dkt. #1-6). Its sole member is Longhorn IP LLC ("Longhorn") (Dkt. #10 at pp. 5–6; Dkt. #1-5; Dkt. #1-6). OMT filed a patent infringement action in the German Court, contending that certain smart phones manufactured by Xiaomi infringe a German national patent corresponding to EP 2,068,582 B1 (the "'582 Patent") (Dkt. #10 at p. 6). Before the German Proceeding was initiated, OMT and Xiaomi had engaged in negotiations to license the '582 Patent and other patents (Dkt. #10 at p. 6).

The '582 Patent "covers inventions central to how wireless communications are performed by smartphones and other devices that use the 4G wireless communications network" (Dkt. #10 at pp. 6–7). Xiaomi asserts that the patent relates to the Long-Term Evolution ("LTE") standard, which is a "globally shared standard[] that different components of a wireless network must use to ensure compatibility" (Dkt. #1 at p. 5). OMT acquired the '582 Patent by assignment from ZTE Corporation ("ZTE")—the patent's original owner (Dkt. #1 at p. 5; Dkt. #10 at p. 7). OMT then assigned the '582 Patent to its German subsidiary, Ox Mobile Germany (Dkt. #1 at p. 5). Ox Mobile Germany asserts that the '582 Patent is "'essential' to the LTE standard because the LTE standard cannot be implemented without implicating" the '582 Patent (Dkt. #1 at pp. 5–6). Ox Mobile Germany contends that, after the '582 Patent became "essential," the owner of the patent took on an obligation to offer licenses to the patent on fair, reasonable, and non-discriminatory ("FRAND") terms (Dkt. #10 at p. 7). According to Ox Mobile Germany,

2

implementers of the patent, like Xiaomi, also take on their own obligation to accept a license offered by the patent owner on FRAND terms (Dkt. #10 at p. 7).

Xiaomi contends that, if the German Court determines that the '582 Patent is "essential" to the LTE standard, then the German Court will also consider:

> the value of Ox Mobile's cellular patent portfolio (the "Ox Mobile Portfolio"), the ZTE Assignment terms and preceding negotiations (collectively the "ZTE Assignment Documents"), as well as the terms of any licensing agreement for patents in the Ox Mobile Portfolio to assess whether the license terms offered by Longhorn and Ox Mobile to Xiaomi are [FRAND].

(Dkt. #1 at p. 6). Xiaomi seeks two additional sets of agreements to assist with its FRAND defense in the German Proceeding (Dkt. #1 at p. 6). First, it seeks licensing agreements for patents in the Ox Mobile Portfolio between Ox Mobile and/or Longhorn and their licensees, along with any amendments and ancillary documents (the "Longhorn Agreements") (Dkt. #1 at p. 6). Second, it seeks "licensing agreements, amendments, and any other ancillary agreements and documents concluded between previous owners of patents in the Ox Mobile Portfolio and licensees (collectively 'Previous Agreements')" (Dkt. #1 at p. 6). Longhorn, which represented OMT during its licensing negotiations with Xiaomi, rejected Xiaomi's requests for the Longhorn Agreements or any of the Previous Agreements in the German Proceeding (Dkt. #1 at p. 6). Thus, Xiaomi's Application followed (Dkt. #1).

II.    **Procedural History**

On March 14, 2023, Xiaomi filed its Application for an Order Pursuant to 28 U.S.C. § 1782 to Obtain Discovery for Use in Foreign Proceedings (Dkt. #1). Xiaomi filed its Application in this Court because OMT and Longhorn—along with the documents Xiaomi seeks—are located within the Eastern District of Texas (Dkt. #1 at p. 15). Respondents do not contest their residence in this district (*See* Dkt. #10). On March 17, 2023, the Court issued an *ex parte* Order granting Xiaomi's

§ 1782 Application (Dkt. #4). In doing so, the Court authorized Xiaomi to serve Longhorn and OMT (collectively, "Respondents") with the subpoenas attached as Exhibits 1 and 2 to the Declaration of Matthew S. Rublin, which requested the ZTE Assignment Documents, the Longhorn Agreements, and the Previous Agreements (Dkt. #4; Dkt. #1-3; Dkt. #1-4). The Court then ordered Respondents to produce documents in their possession, custody, and control that are responsive to the requests in the subpoenas within fourteen days of service of the subpoenas (Dkt. #4). Xiaomi served the subpoenas on Respondents (Dkt. #13 at p. 8). OMT agreed to produce the Longhorn Agreements and a version of the ZTE Assignment with the purchase price redacted, subject to a protective order (Dkt. #46 at p. 2). The instant Motion followed on April 24, 2023 (Dkt. #10). Through it, Respondents urge the Court to reconsider its Order granting Xiaomi's Application for § 1782 Discovery (Dkt. #10). The parties also move to quash the subpoenas that Xiaomi served on Respondents to the extent that they sought documents related to the negotiations of the ZTE Assignment ("ZTE Negotiation Documents") and an unredacted version of the ZTE Assignment (Dkt. #10 at pp. 18–19). In support, Respondents aver that Xiaomi's Application was improper and that the resulting subpoenas violate Federal Rules of Civil Procedure 26 and 45 (Dkt. #10 at p. 5).

On June 7, 2023, Xiaomi filed a Response, wherein it agreed to "narrow its request for ZTE Negotiation Documents to two specific subcategories: negotiation documents concerning (i) the valuation of Respondents' patent portfolio and (ii) due diligence and previous licenses (together 'Narrowed ZTE Negotiation Documents', and with the ZTE Assignment, the 'Disputed Documents')" (Dkt. #13 at p. 9). Respondents refused to produce the Disputed Documents (Dkt. #13 at p. 9). Instead, Respondents filed a Reply (Dkt. #15) and Xiaomi filed a Sur-Reply (Dkt. #18).

4

While the instant Motion was pending, the parties submitted a Joint Motion for Protective Order, which the Court granted on September 6, 2023 (Dkt. #19; Dkt. #20). The Protective Order provides that the documents or discovery responses containing confidential information in this proceeding must be adequately marked as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY" and their disclosure is limited to a select group of individuals, respective to each category (Dkt. #20). On July 30, 2024, the Court ordered the parties to submit a status report on the instant Motion (Dkt. #45). On August 5, 2024, the parties submitted a Joint Status Report (Dkt. #46). The Joint Status Report confirms that the Motion to Reconsider and to Quash remains unresolved and ripe for consideration with respect to the Longhorn Agreements, ZTE Assignment, and Negotiation Documents (Dkt. #46 at p. 1).

## LEGAL STANDARD

This is a motion for reconsideration following the Court's issuance of an *ex parte* Order which granted Xiaomi's Application for § 1782 Discovery (Dkt. #4; Dkt. #10). At first blush, a motion for reconsideration may seem like a strange motion at this juncture because this is Respondents' first pleading on this issue. However, because the Court issued its Order on an *ex parte* basis, a motion for reconsideration is the proper procedural mechanism at this stage. Indeed, "[w]hen an applicant obtains an order allowing it to serve subpoenas under Section 1782 on an *ex parte* basis, the district court should vacate the order and quash discovery where, upon reconsideration, it determines the applicant failed to show that a Section 1782 order was warranted in the first instance." *In re Ex Parte Application of Blue Dog Grp. Pty Ltd. v. Glaucus Rsch. Grp. Cal., LLC*, No. A-23-CV-265-DII-ML, 2023 WL 6978076, at *4 (W.D. Tex. Sept. 1, 2023), *report and*

5

*recommendation adopted sub nom. Blue Dog Grp. Party Ltd. v. Glaucus Rsch. Grp. Cal., LLC*, No. 1:23-CV-265-DII, 2023 WL 6979611 (W.D. Tex. Oct. 23, 2023). Thus, this is Respondents' first bite at the § 1782 apple. Accordingly, the Court will reconsider whether Xiaomi met the § 1782 prerequisites and the *Intel* factors.

A district court may grant an application under 28 U.S.C. § 1782(a) when three statutory prerequisites are met: (1) the person from whom discovery is sought must reside or be found in the district in which the application is filed; (2) the discovery must be for use in a proceeding before a foreign tribunal; and (3) the application must be made by a foreign or international tribunal or "any interested person." *Bravo Express Corp. v. Total Petrochemicals & Ref. U.S.*, 613 F. App'x 319, 322 (5th Cir. 2015) (citing *Tex. Keystone, Inc. v. Prime Nat. Res., Inc.*, 694 F.3d 548, 553 (5th Cir. 2012) (internal citations omitted)). Further, a person "may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege." 28 U.S.C. § 1782. Once the statutory prerequisites are met, the district court has the discretion to grant the application seeking the authority to issue subpoenas. *Tex. Keystone*, 694 F.3d at 553 (citing *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004)). The United States Supreme Court has identified five factors to assist the Court in exercising that discretion: "(1) whether the material sought is within the foreign tribunal's jurisdictional reach; (2) the nature of the foreign tribunal and the character of the proceedings; (3) the receptivity of the foreign tribunal to U.S. federal-court judicial assistance; (4) whether the request is an attempt to circumvent the foreign-proof gathering restrictions or other policies of the foreign country or the United States; and (5) whether the request is unduly intrusive or burdensome." *In re Application of Chevron Corp.*, No. H-10-134, 2010 WL 2038826, at *1 (S.D. Tex. May 20, 2010) (citing *Intel*, 542 U.S. at 264–65).

## ANALYSIS

Respondents urge the Court to reconsider its March 17, 2023, Order granting Xiaomi's Application for § 1782 Discovery on the basis that Xiaomi did not meet its burden under 28 U.S.C. § 1782 (Dkt. #10 at p. 7). Further, Respondents contend that Xiaomi's subpoenas do not comply with the Federal Rules of Civil Procedure because they request confidential information that is not proportional to the needs of the German Proceeding and do not allow a reasonable time for Respondents to comply with the subpoenas (Dkt. #10 at pp. 7–14). Thus, they seek to quash the subpoenas. The Court disagrees with both arguments.

The Court begins by evaluating the § 1782 requirements and the *Intel* factors. As to the § 1782 requirements, Respondents challenge only the second prong—that the discovery sought must be "for use" in a proceeding before a foreign tribunal (Dkt. #10 at p. 8). *Bravo Express Corp.*, 613 F. App'x at 322. Respondents argue that Xiaomi failed to satisfy § 1782's second prong because Xiaomi did not meet its burden to show "that the ZTE Negotiations Documents or payment terms in the ZTE Assignment Agreement are 'for use' in the German Proceeding" (Dkt. #10 at p. 8). Analogizing the "for use" requirement to the relevance standard in discovery, Respondents contend that the amount paid to purchase a patent that was later licensed and how that price was determined are both wholly irrelevant to a FRAND defense (Dkt. #10 at p. 10). Thus, the argument goes, the ZTE Negotiation Documents and the consideration terms in the ZTE Assignment Agreement cannot be "for use" in the German Proceeding (Dkt. #10 at p. 10). The Court is unpersuaded.

I.     The "For Use" Requirement

"The relevance standard for § 1782 discovery is not admissibility." *In re Application of HydroDive Nigeria, Ltd.*, No. 13-MC-0477, 2013 WL 12155021, at *3 (S.D. Tex. May 29, 2013). That is the province of the foreign tribunal, not an analysis for the Court to perform here. *See id.* Thus, Xiaomi's burden to prove that the requested discovery is "for use" in the German Proceeding is *de minimis*—it need only show that the discovery it seeks is relevant. *See id.* In this context, relevance is "broadly construed and encompasses any material that bears on, or that reasonably leads to other matters that could bear on, any issue that is or may be in the case." *Id.* (internal quotations omitted).

Here, the Court must determine whether three categories of documents satisfy the broad relevance standard under § 1782: (1) the Longhorn Agreements; and (2) the ZTE Assignment; and (3) the Negotiation Documents (Dkt. #10; Dkt. #46 at pp. 1–2). Respondents concede, and the Court agrees, that the Longhorn Agreements "are at least arguably relevant" to Xiaomi's FRAND defense (Dkt. #10 at p. 10). And as far as the Court can tell from the parties' Joint Status Report, OMT already agreed to produce the Longhorn Agreements to Xiaomi, subject to the Court's Protective Order (Dkt. #46 at pp. 1–2; Dkt. #20). Thus, in the Court's view, Respondents only challenge the relevance of the Negotiation Documents and the unredacted ZTE Assignment (Dkt. #10; Dkt. #46 at pp. 1–2). After narrowing its original discovery request, Xiaomi's request for Narrowed ZTE Negotiation Documents now seeks only documents related to the valuation of Respondents' patent portfolio, due diligence, and previous licenses (Dkt. #13 at pp. 9, 11). Xiaomi also requests an unredacted version of the ZTE Assignment, complete with the purchase price (Dkt. #1; Dkt. #13). Although Respondents offered to produce the ZTE Assignment with the

8

purchase price redacted, the redacted version was unsatisfactory for Xiaomi (Dkt. #13 at p. 3 n.4). Instead, Xiaomi demands a version with the purchase price included, as the price "will assist the German Court in determining whether Respondents' licensing demands are fair and reasonable in light of the commercial value of Respondents' portfolio" (Dkt. #13 at p. 11) (cleaned up). The Court agrees. "[U]nder the liberal standard applicable to discovery," Xiaomi's requested discovery for the unredacted ZTE Assignment and the Narrowed ZTE Negotiation Documents are relevant to determining whether the licensing terms offered by Respondents were fair, reasonable, and non-discriminatory. *In re Application of HydroDive Nigeria, Ltd.*, 2013 WL 12155021, at *3. Accordingly, Xiaomi has carried its burden to show that the discovery is "for use" in a proceeding before a foreign tribunal. 28 U.S.C. § 1782(a). As Respondents do not challenge the other statutory requirements, the Court turns to the discretionary factors.

## II. The *Intel* Discretionary Factors

On top of their challenge to the § 1782 "for use" requirement, Respondents also ask the Court to quash the subpoenas because the Court erred in its initial determination that the *Intel* discretionary factors favor discovery (Dkt. #10 at pp. 11–17). *See In re Application of Chevron Corp.*, 2010 WL 2038826, at *2. Respondents advance four arguments in support of their position (Dkt. #10 at pp. 11–17). First, they contend that the information Xiaomi seeks through the subpoenas is within the jurisdictional reach and available to the German Court (Dkt. #10 at pp. 11–14). Next, Respondents aver that § 1782 discovery "is at odds with German proof-gathering mechanisms" and that the German Court has not been receptive to the documents Xiaomi requests (Dkt. #10 at pp. 14–15). Then, Respondents argue that Xiaomi's § 1782 application "circumvents and disturbs carefully balanced German proof-gathering mechanisms" by seeking discovery through this Court

9

instead of through the more selective German discovery mechanisms (Dkt. #10 at pp. 15–16). Finally, Respondents submit that Xiaomi's application impermissibly seeks confidential information that is not part of a FRAND defense (Dkt. #10 at pp. 16–17). After careful review of the parties' arguments, the Court reaffirms its determination that the *Intel* factors counsel in favor of proceeding with discovery of the unredacted ZTE Assignment and the Narrowed ZTE Negotiation Documents. The Court addresses each factor in turn.

The Court begins with the first discretionary factor. In *Intel*, the Supreme Court observed that:

> when the person from whom discovery is sought is a participant in the foreign proceeding . . . , the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad. A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence.

*Intel*, 542 U.S. at 264. Yet, "there is . . . no rule that § 1782 applications can only be granted where the party from whom discovery is sought is not a party to the foreign proceeding." *In re Thales Dis Ais Deutschland GmbH*, No. 3:21-MC-303-S, 2021 WL 7707268, at *2 (N.D. Tex. Nov. 5, 2021) (quoting *Palantir Techs., Inc. v. Abramowitz*, 415 F. Supp. 3d 907, 912 (N.D. Cal. 2019)) (cleaned up). Rather, Respondents' "connection to the foreign proceeding is part of a broader inquiry: whether the discovery is outside the foreign tribunal's jurisdictional reach, and thus unobtainable absent § 1782(a) aid." *See id.* (quoting *LEG Q LLC v. RSR Corp.*, No. 3:17-CV-1559-N-BN, 2017 WL 3780213, at *8 (N.D. Tex. Aug. 31, 2017) (internal quotations omitted)). Here, Xiaomi has shown that the discovery it seeks is likely unobtainable in the German Proceeding (*See* Dkt. #1 at pp. 15–17). For instance, the Declaration of Wolrad Prinz Zu Waldeck that Xiaomi submitted in support of its § 1782 Application suggests that the German Court does not have the authority to compel a party to the German Proceeding—here, Ox Mobile Germany—to submit any documents

(Dkt. #1-1 at ¶ 23). Xiaomi also submitted evidence that "[t]he German Court can only request the submission of documents particularly specified or referred by a party of the German Proceeding and does not have the authority to investigate or to order the investigation of facts or documents not already specified by the parties of the action" (Dkt. #1-1 at ¶ 23). *See In re Thales*, 2021 WL 7707268, at *2 (finding that "evidence that production of documents in German civil lawsuits is limited to documents that can be specifically identified, rather than categories of documents that are relevant to the litigation" weighed in favor of granting a § 1782 petition). Thus, the first *Intel* factor weighs in favor of granting Xiaomi's Application.

The second *Intel* factor instructs the Court to deny discovery due to the foreign tribunal's lack of receptiveness only when the party resisting discovery provides "authoritative proof that a foreign tribunal would reject evidence" obtained via § 1782. *Ecuadorian Plaintiffs v. Chevron Corp.*, 619 F.3d 373, 378 (5th Cir. 2010) (internal citations omitted) (cleaned up). Here, Respondents argue that Xiaomi "should have requested the documents in the German [P]roceeding for the German [C]ourt to decide whether the information is relevant to that proceeding and whether it can be produced in that proceeding in a manner that adequately protects its sensitive nature" (Dkt. #10 at p. 5). Critically, however, § 1782 does not "require an applicant to seek discovery in the foreign jurisdiction before seeking the assistance of a district court." *In re Thales*, 2021 WL 7707268, at *2. Thus, Respondents' first argument is unavailing. Next, Respondents criticize Xiaomi for "not provid[ing] any statement from the German [C]ourt to the effect that it is receptive to the sought information" (Dkt. #10 at p. 14). But Respondents improperly place the burden on Xiaomi to provide evidence of the German Court's receptiveness when it is actually Respondents—as the party resisting discovery—that carry the burden to demonstrate that the

11

German Court would *not* be receptive to the discovery (Dkt. #10 at p. 14). *See Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1100 (2d Cir. 1995) ("[A] district court's inquiry into the discoverability of requested materials should consider only authoritative proof that a foreign tribunal would *reject* evidence obtained with the aid of [S]ection 1782.") (emphasis added); *see also In re Thales*, 2021 WL 7707268, at *2. To that end, without citing any caselaw in support, Respondents assert that "the German courts likely would not consider [the ZTE Negotiation Documents or the consideration given in the ZTE Assignment Agreement] in determining whether Respondent's past offers were on FRAND terms" (Dkt. #10 at pp. 14–15). That is a far cry from "authoritative proof that [the German Court] would reject" the evidence Xiaomi seeks. *See Ecuadorian Plaintiffs*, 619 F.3d at 378. Consequently, the second *Intel* factor weighs in Xiaomi's favor.

With respect to the third discretionary factor, the question is "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265. Nothing in the record suggests that Xiaomi is attempting to evade restrictions on discovery in Germany. *See Ecuadorian Plaintiffs*, 619 F.3d at 377. Indeed, Xiaomi's proffered evidence demonstrates that German courts are generally receptive to discovery obtained with § 1782 assistance (Dkt. #1 at pp. 17–18; Dkt. #1-1 at ¶¶ 26, 28). *See In re Thales*, 2021 WL 7707268, at *3 ("[N]othing suggests that the Petition conceals an attempt to circumvent proof-gathering restrictions or other policies, as evidenced by the likelihood that German courts will accept discovery obtained using § 1782 assistance."). Hence, the third *Intel* factor likewise counsels in favor of granting Xiaomi's Application.

Fourth, the Court has the discretion to reject or trim "unduly intrusive or burdensome requests." *Intel*, 542 U.S. at 265. Respondents insist that Xiaomi has provided "no support" for the contention that the German Court may "consider the price paid to purchase a patent or the details of the negotiation for the patent purchase when determining whether the purchaser's subsequent license offers complied with the purchaser's obligation to license under FRAND terms" (Dkt. #10 at p. 17). Thus, they contend that Xiaomi's request is both intrusive and burdensome because it is "sensitive to both OMT and ZTE" (Dkt. #10 at p. 17). Relatedly, Respondents submit that the subpoenas violate Federal Rules of Civil Procedure 26 and 45 because they request discovery of confidential information that is not proportional to the needs of the German Proceeding and Xiaomi does not allow a reasonable time to comply (Dkt. #10 at pp. 17–18).[1] The Court disagrees with both arguments. Despite Respondents' contrary position, Xiaomi's request for the unredacted ZTE Assignment and the Narrowed ZTE Negotiation Documents are "sufficiently narrowly tailored and not unduly intrusive or burdensome" because they directly relate to the claims asserted in the German Proceeding—namely, Xiaomi's FRAND defense. *See In re Thales*, 2021 WL 7707268, at *3. As Waldeck's Declaration suggests, the discovery Xiaomi seeks is probative of whether Respondents offered a license to Xiaomi on FRAND terms (Dkt. #1-1 at ¶ 19). Indeed, the German Court must compare Respondents' licensing terms to Xiaomi to other licenses in the Ox Mobile Portfolio because the value of the Ox Mobile Portfolio weighs heavily on the question of whether Respondents' licensing terms for the '582 Patent were FRAND

---

[1] While Respondents present this argument independently from *Intel*'s fourth factor, courts conducting the *Intel* analysis have evaluated the fourth factor "under the same standards that typically govern discovery requests under the Federal Rules of Civil Procedure." *See, e.g.*, *LEG Q LLC*, 2017 WL 3780213, at *11 (citing *Tex. Keystone*, 694 F.3d at 554; *Mees v. Buiter*, 793 F.3d 291, 302 (2d Cir. 2015)). Accordingly, the Court will treat Respondents' argument under its analysis of the fourth *Intel* factor.

(Dkt. #1-1 at ¶¶ 19–21). To aid in that determination, Xiaomi's request for the unredacted ZTE Assignment and the Narrowed ZTE Negotiation Documents are narrowly tailored and highly relevant to Xiaomi's FRAND defense (Dkt. #1 at p. 18; Dkt. #1-1 at ¶ 21). Therefore, the fourth *Intel* factor favors discovery of the unredacted ZTE Assignment and the Narrowed ZTE Negotiation Documents.

Finally, Respondents contend that the subpoenas "fail to provide adequate measures for safeguarding confidential commercial information contained within the requested agreements" (Dkt. #10 at p. 18). But while this Motion was pending, the Court entered a Protective Order by joint motion of the parties that protects the dissemination of confidential information during the course of discovery in the § 1782 proceeding (Dkt. #20). Thus, the Court need not consider this argument.

At this juncture, the Court finds that Xiaomi's request for the unredacted ZTE Assignment and the Narrowed ZTE Negotiation Documents are not only relevant to Xiaomi's FRAND defense, but also sufficiently protected by the Court's September 6, 2023, Protective Order (Dkt. #20). Because Xiaomi has adequately demonstrated that the discovery it seeks is "for use" in the German Proceeding, the *Intel* discretionary factors counsel in favor of discovery, and the Court's Protective Order adequately protects the disclosure of Respondents' confidential information, Respondents' request to quash the subpoenas should be denied.

## CONCLUSION

It is therefore **ORDERED** that Longhorn IP LLC's and Ox Mobile Technologies LLC's Motion for Reconsideration and to Quash Subpoenas (Dkt. #10) is hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 5th day of March, 2025.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE