# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | § | |
|---|---|---|
| IN RE APPLICATION FOR AN ORDER | § | |
| PURSUANT TO 28 U.S.C. § 1782 TO | § | Civil Action No. 4:23-mc-96 |
| OBTAIN DISCOVERY FOR USE IN | § | Judge Mazzant |
| FOREIGN PROCEEDINGS | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Non-Parties Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.'s (collectively, "Samsung") Motion for a Protective Order Specific to Samsung (Dkt. #21). Having considered the Motion, the relevant pleadings, and the applicable law, the Court finds that the Motion should be **DENIED**.

## BACKGROUND

The facts underlying this dispute are set out in full in the Court's Memorandum Opinion and Order denying Respondents'[1] Motion for Reconsideration and to Quash Subpoenas, which the Court incorporates by reference (Dkt. #50). In the interest of convenience, the Court will summarize below only the facts pertinent to the Motion before it.

On March 14, 2023, Applicants Xiaomi Technology Germany GmbH and Xiaomi Technology Netherlands B.V. (collectively, "Xiaomi") filed an Application for an Order Pursuant to 28 U.S.C. § 1782 to Obtain Discovery for Use in Foreign Proceedings (Dkt. #1). Through it, Xiaomi seeks the production of documents for use in an underlying foreign litigation proceeding (the "German Proceeding") pending before the Regional Court of Munich I in the Federal

---

[1] As defined in the Court's Order denying Respondents' Motion for Reconsideration, "Respondents" are Ox Mobile Technologies LLC and its sole member, Longhorn IP LLC (Dkt. #21 at p. 4).

Republic of Germany (the "German Court") (Dkt. #1 at p. 5). The German Proceeding involves a patent infringement claim by Ox Mobile Germany against Xiaomi (Dkt. #1 at p. 5). In its defense, Xiaomi has asserted that the license offers that Ox Mobile Germany's parent company, Ox Mobile Technologies LLC ("OMT") made to Xiaomi were not fair, reasonable, and non-discriminatory ("FRAND") (Dkt. #1 at p. 6). To determine whether OMT offered Xiaomi a license on FRAND terms, Xiaomi contends that the German Court will compare the terms of the license that OMT offered Xiaomi with other licenses in OMT's patent portfolio (Dkt. #1 at p. 6). Thus, Xiaomi's § 1782 Application requests production of "licensing agreements for patents in the Ox Mobile Portfolio between Ox Mobile (and/or its parent Longhorn) and licensees . . . for use in the German Proceeding" (Dkt. #1 at p. 2). One such agreement that Xiaomi seeks is a licensing agreement between OMT and Samsung (the "Samsung Agreement") (Dkt. #1-3; Dkt. #1-4).

On March 17, 2023, the Court granted Xiaomi's § 1782 Application and ordered Respondents to produce the documents that Xiaomi requested, including the Samsung Agreement (Dkt. #4). After the Court issued its Order granting Xiaomi's Application, the parties negotiated a Protective Order, which they jointly submitted to the Court on September 1, 2023 (Dkt. #19). The Court entered the Protective Order on September 6, 2023 (Dkt. #20). The Protective Order includes three levels of confidentiality designation: (1) "CONFIDENTIAL"; (2) "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"; and (3) "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY" (*See* Dkt. #20). As relevant here, the "HIGHLY CONFIDENTIAL" designation restricts document access to:

> (a) [o]utside counsel of record in the [German Proceeding] for the party receiving Protected Documents . . . ; [and]
> (b) [o]ne designated in-house legal counsel of the receiving party to whom disclosure is reasonably necessary for the [German Proceeding] and who

> (i) is directly responsible for making decisions relating to the [German Proceeding], (ii) is not involved in competitive decision making on behalf of the receiving Party or its affiliates, and (iii) has signed the Acknowledgement and Agreement to be Bound . . . , but the receiving party shall not disclose such Protected Documents to the designated in-house legal counsel until after the receiving party has provided seven (7) business days written notice to the designating party of the identity and business title of the designated in-house legal counsel . . . .

(Dkt. #20 at ¶ 14).[2] On the other hand, documents designated as "RESTRICTED" limit disclosure but omit from the list of acceptable recipients a designated in-house legal counsel of the receiving party (Dkt. #20 at ¶ 15). Hence, the added label, "OUTSIDE ATTORNEYS' EYES ONLY." Finally, the Protective Order provides that the "RESTRICTED" designation may only be given to confidential information "that includes an express provision that requires it to be produced in a manner that restricts its disclosure to outside counsel only" (Dkt. #20 at ¶ 16). Xiaomi designated the Associate Director of IP Litigation & Law for Beijing Xiaomi Software Co., Ltd., Mao (Miles) Dalin ("Dalin"), as the in-house counsel responsible for receiving any documents designated as "HIGHLY CONFIDENTIAL" (Dkt. #25 at p. 8). According to Respondents, Dalin executed the Acknowledgement and Agreement to be Bound as required by the Protective Order (Dkt. #20 at ¶ 14(b); Dkt. #25 at p. 8).

On September 8, 2023, counsel for OMT sent a letter to Samsung, notifying it of OMT's intent to produce the Samsung Agreement in response to Xiaomi's subpoena (Dkt. #21-1 at p. 2). The letter also informed Samsung that OMT would produce the Samsung Agreement "pursuant

---

[2] The "HIGHLY CONFIDENTIAL" designation also permits disclosure to the receiving party's experts, professional jury or trial consultants, court reporters and staff, the Court's personnel, the German Court's personnel, witnesses to the German Proceeding during trial or formal evidentiary hearings, and the author or recipient of a document containing the protected information or a custodian who otherwise possessed or knew the protected information (Dkt. #20 at ¶ 14). However, none of those other categories of acceptable recipients are relevant to the instant Motion (*See* Dkt. #21). Consequently, when comparing the different confidentiality designations for purposes of this Motion, the Court will focus only on the first two categories of recipients.

to the terms of the Protective Order and designate the [Samsung] Agreement as 'HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY'" (Dkt. #21-1 at p. 3). On September 20, 2023, counsel for Samsung contacted OMT's counsel via email, objecting to OMT's proposed production of the Samsung Agreement under the "HIGHLY CONFIDENTIAL" designation (Dkt. #21-3). After the parties unsuccessfully met and conferred, Samsung intervened by filing this Motion (Dkt. #21).

On September 28, 2023, Samsung filed its Motion for Protective Order Specific to Samsung (Dkt. #21). In Samsung's view, the current Protective Order is inadequate to protect the sensitive nature of the Samsung Agreement (Dkt. #21). In support, it argues that the Protective Order, as currently written, impermissibly allows in-house counsel for Xiaomi—Samsung's direct competitor—to access its "highly confidential business information" (Dkt. #21). According to Samsung, "[k]nowing the price . . . paid to license the covered patents [in the Samsung Agreement] would give Xiaomi an unfair competitive advantage in the marketplace and its own licensing negotiations with Samsung and third parties" (Dkt. #21 at p. 5). Thus, Samsung moves the Court to enter a new protective order specific to Samsung that allows OMT to produce the Samsung Agreement only after it has been re-designated as "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY" (Dkt. #21 at p. 1).

On October 12, 2023, Respondents filed their Opposition to Samsung's Motion for Protective Order (Dkt. #25). That same day, Xiaomi filed its Notice of Joinder to Respondents' Opposition, through which it "joins in, and adopts as its own, Respondents' specific arguments and assertions in the Opposition as to why, as a matter of U.S. law, Samsung fails to show good cause for prohibiting disclosure to Xiaomi's one in-house counsel who does not have competitive

4

decision-making authority" (Dkt. #27). Samsung replied on November 1, 2023 (Dkt. #33). On November 3, 2023, Respondents filed a Sur-Reply (Dkt. #37).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(c), the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). The burden is upon the party seeking the protective order "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998) (internal quotation marks and citation omitted). Therefore, a protective order is warranted in those instances in which the party seeking it demonstrates good cause and a specific need for protection. *See Laundry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir. 1990). The Court has broad discretion in determining whether to grant a motion for protective order because it is "in the best position to weigh fairly the competing needs and interests of parties affected by discovery." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *see Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985).

## ANALYSIS

In its Motion for a Protective Order, Samsung argues that good cause exists to enter a new protective order and re-designate the Samsung Agreement as "RESTRICTED" because, like Samsung's other patent licensing agreements, "the Samsung Agreement contains highly confidential business information" (Dkt. #21 at p. 5). According to Samsung, the more protective "RESTRICTED" designation "preserves and maintains the proprietary, confidential, and business sensitive information that is contained in the [Samsung] Agreement" because it would

5

prevent disclosure of confidential information to Xiaomi's in-house counsel (Dkt. #21 at p. 5). Xiaomi and Respondents disagree (Dkt. #25; Dkt. #27). In their view, re-designating the Samsung Agreement as "RESTRICTED" would be improper because, after balancing Samsung's hardship in the production of the Samsung Agreement with the agreement's probative value to Xiaomi's FRAND defense in the German Proceeding, Samsung has not met its burden to demonstrate that a new protective order is necessary (Dkt. #25 at p. 9) (citing *Cazorla v. Koch Foods of Miss., L.L.C.*, 838 F.3d 540, 555 (5th Cir. 2016) ("Federal courts have superimposed a somewhat demanding balancing of interests approach to [Federal Rule of Civil Procedure 26(c)(1)(G)]. Under the balancing standard, the district judge must compare the hardship to the party against whom discovery is sought against the probative value of the information to the other party.")). The Court agrees with Xiaomi and Respondents.

As Respondents observe in their Opposition to Samsung's Motion for a Protective Order, the Samsung Agreement is highly probative to Xiaomi's FRAND defense (Dkt. #25 at pp. 10–11) (explaining that "whether the licensing terms offered by [Respondents] are FRAND will . . . depend on how the license terms offered to Xiaomi compare to Ox Mobile Germany's or OMT's license agreements with other licensees, including Samsung"). Consequently, if the German Court determines that the '582 Patent is "essential" to the 4G standard, then the Samsung Agreement is highly probative to Xiaomi's FRAND defense (Dkt. #25 at p. 10). Not only that, but if the Court were to enter Samsung's requested protective order under the new "RESTRICTED" designation, the consequences in the German Proceeding would be severe (Dkt. #25 at p. 10). To that end, Ole Dirks, OMT's German counsel, notes in his Declaration that:

> Under German law, . . . a party to the proceedings must as a general rule have access to all filings and has a right for inspection of the full court records the decision is

6

> based on . . . . According to German case law, the submission of documents or related pleadings only to the German [C]ourt or to the German Court and an Outside Counsel, *while the party itself is excluded from access*, has the consequence that the German court may be unable to consider such documents or related pleadings to the detriment of the Defendant, otherwise doing so may violate the Defendant's fundamental right to be heard/to a fair trial under [the German constitutional code].

(Dkt. #25-1 at ¶ 34) (emphasis added). Indeed, according to recent 2020 German caselaw, "a [German] Court may not base its decision on documents which are available to the Court but not to the party at whose expense the decision is made because this would violate the party's fundamental right[s]" (Dkt. #25-1 at ¶ 36). That is precisely what this Court would be asking the German Court to do if it were to enter Samsung's requested protective order today (Dkt. #25 at pp. 11–12) ("If the Court enters Samsung's proposed protective order and requires OMT to produce the agreement in a manner that prevents Xiaomi's designated in-house counsel from accessing the Samsung Agreement, then the German Court may not consider the Samsung Agreement in evaluating whether Ox Mobile Germany's offer to Xiaomi is FRAND or Xiaomi's defense that the offer was not FRAND."). The Court declines Samsung's invitation to do so.

What's more, the hardship to Samsung caused by the production of the Samsung Agreement is minimal. As the movant, Samsung bears the burden to demonstrate that the protective order it seeks is necessary. *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978). To demonstrate "necessity of its issuance," Samsung must establish "a clearly defined and serious injury." *Id.*; *PACid Grp., LLC v. Apple, Inc.*, No. 6:09-CV-143, 2010 WL 10094684, at *2 (E.D. Tex. Feb. 19, 2010). Samsung has not done so. Respondents insist that Dalin—Xiaomi's designated in-house counsel recipient of the Samsung Agreement—is not involved with Xiaomi's competitive decision-making process (Dkt. #25 at p. 15). Thus, any fear of a resulting competitive advantage to Xiaomi as a consequence of the Samsung Agreement's production is unfounded. And

7

even if there was a valid basis for Samsung's concerns, Dalin's actions are governed by the Acknowledgement and Agreement to be Bound, which carries the threat of sanctions and punishment for contempt (Dkt. #25 at p. 15). Accordingly, having found that the Samsung Agreement is highly probative in the German Proceeding, Samsung's suggested "RESTRICTED" designation would effectively render the Samsung Agreement inadmissible in the German Proceeding, and the hardship to Samsung due to the production of the Samsung Agreement would be limited, the Court finds that Samsung's Motion for a Protective Order (Dkt. #21) should be denied.

## CONCLUSION

It is therefore **ORDERED** that Non-Parties Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.'s Motion for a Protective Order Specific to Samsung (Dkt. #21) is hereby **DENIED**.

**IT IS SO ORDERED.**

SIGNED this 7th day of March, 2025.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE